IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FIDEL CLARK,<br>    Plaintiff, | :<br>:<br>: |
| v. | :     CIVIL ACTION NO. 24-CV-6131 |
| COMMONWEALTH OF<br>PENNSYLVANIA,<br>    Defendant. | :<br>:<br>:<br>: |

MEMORANDUM

SCOTT, J.                                                                                FEBRUARY 24th, 2025

       Fidel Clark, a convicted and sentenced prisoner who is currently incarcerated at SCI Huntingdon serving a life sentence, initiated this civil action against the Commonwealth of Pennsylvania by filing an "Ex Parte Petition for Removal" (ECF No. 1) and an "Amended Notice of Removal" (ECF No. 5), both of which reference a state criminal proceeding filed against him in the Philadelphia County Court of Common Pleas, *see Commonwealth v. Clark*, CP-51-CR-0206591-2003 (C.P. Phila.). Clark seeks leave to proceed *in forma pauperis*. Because Clark has obtained three prior "strikes" and has not alleged an imminent danger of serious physical injury pursuant to 28 U.S.C. § 1915(g), the Court will deny leave to proceed *in forma pauperis* and require that Clark pay the full filing fee if he wishes to continue with the case.

I.     **FACTUAL ALLEGATIONS**

       Clark, who identifies himself as an "attorney-in-fact/secured party," brings this civil action seeking to "redress alleged deprivations" pursuant to 42 U.S.C. § 1983. (ECF Nos. 1 and 2.) In the caption of his initial pleading, Clark references the case number of a state criminal proceeding that was filed against him in the Philadelphia County Court of Common Pleas ("Philadelphia CCP"), *Commonwealth v. Clark*, CP-51-CR-0206591-2003 (C.P. Phila.), as well

as the civil action number assigned to a "replevin civil action" that he filed in the Huntingdon County Court of Common Pleas ("Huntingdon CCP"), Civil Action No. CP-31-CV-923-2024. (ECF No. 1 at 1.) Clark's "replevin civil action" was transferred by the Huntingdon CCP to the Philadelphia CCP on August 19, 2024. (*Id.* at 2.)

Because Clark's pleadings are predicated on sovereign-citizen style verbiage, his allegations are largely incomprehensible, and his claims are difficult to discern. Clark avers that the Commonwealth of Pennsylvania, who he identifies as a debtor, is liable to him for violations of various federal statutes concerning commerce and trade, as well as trademark and copyright infringement. (*Id.* at 3.) He references private contracts, security agreements, and Uniform Commercial Code ("UCC") financing statements. (*Id.* at 3-4.) Clark also claims to have been denied "meaningful access" because the state court failed to provide requested docket entries and improperly classified his case.[1] (*Id.* at 4.) He alleges that he has been prevented "from foreclosing upon [his property, *i.e.*, himself,] via his replevin civil action" because the Commonwealth of Pennsylvania continues to utilize said property for its own monetary gain "in violation of state and federal due process of law." (*Id.* at 5.)

Clark filed an Amended Notice of Removal on December 2, 2024. (ECF No. 5.) He asserts that removal of the Philadelphia CCP action is proper because "his praecipe for writ of replevin/affidavit/complaint" asserts causes of action arising under "42 U.S.C. §§ 1981, 1983, 1985 and 1988, and the First, Fourth, Fifth, Sixth and Eighth Amendments to the Constitution of the United States." (*Id.* at 2.) Attached to the Amended Notice of Removal are copies of the August 19, 2024 transfer Order issued by the Huntingdon CCP (*see id.* at 6-8) and Clark's

---

[1] The Court is unable to decipher to which "state court" Clark refers.

Praecipe for Writ of Replevin ("Praecipe") (*see id.* at 10-13) that forms the basis for his case in the Philadelphia CCP.

On February 18, 2025, an "Ex Parte Praecipe of Appearance" was filed wherein "Roelston Stevenson Kingston a/k/a Fidel Clark" indicated that he is "the private attorney for the C L A R K, F I D E L in this action." (ECF No. 9 at 2.) Clark further avers that he is "lawfully entitled to the possession" of personal property he identifies as his Philadelphia CCP criminal case – *Clark*, CP-51-CR-0206591-2003. (*Id.*) He further contends that his "personal property is wrongfully detained" by the Commonwealth of Pennsylvania and "SLAVE MASTER - - John A. Rivello, of SCI-Huntingdon." (*Id.*)

**II.    STANDARD OF REVIEW**

The *in forma pauperis* statute, 28 U.S.C. § 1915, allows indigent litigants to bring an action in federal court without prepayment of filing fees, ensuring that such persons are not prevented "from pursuing meaningful litigation" because of their indigence. *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir. 2001) (*en banc*) (internal quotation marks omitted). But, as Congress has recognized, people who obtain *in forma pauperis* status are "not subject to the same economic disincentives to filing meritless cases that face other civil litigants," and thus the provision is susceptible to abuse. *Id.* (citing 141 Cong. Rec. S7498-01, S7526 (daily ed. May 25, 1995) (statement of Sen. Kyl)).

"[I]n response to the tide of substantively meritless prisoner claims that have swamped the federal courts," Congress enacted the Prison Litigation Reform Act ("PLRA") in 1996. *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quoting *Shane v. Fauver*, 213 F.3d 113, 117 (3d Cir. 2000)) (internal quotation marks omitted), *abrogated in part on other grounds by Coleman*

*v. Tollefson*, 135 S. Ct. 1759, 1763 (2015). Among other things, the PLRA implemented the so-called "three strikes rule," which provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g) (emphasis added). Put more simply, under the PLRA, a prisoner with three prior "strikes" can proceed *in forma pauperis* only if he is in imminent danger of serious physical injury. Courts must consider a *pro se* prisoner's allegations of imminent danger "under our liberal pleading rules, construing all allegations in favor of the complainant." *Gibbs v. Cross*, 160 F.3d 962, 966 (3d Cir. 1998).

According to § 1915(g), a prisoner who on three or more prior occasions while incarcerated has filed an action or appeal in federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, must be denied *in forma pauperis* status unless he was in imminent danger of serious physical injury at the time that the complaint was filed. *Abdul-Akbar*, 239 F.3d at 310-11. A strike under § 1915(g) "will accrue only if the entire action or appeal is (1) dismissed explicitly because it is 'frivolous,' 'malicious,' or 'fails to state a claim' or (2) dismissed pursuant to a statutory provision or rule that is limited solely to dismissals for such reasons, including (but not necessarily limited to) 28 U.S.C. §§ 1915A(b)(1), 1915(e)(2)(B)(i), 1915(e)(2)(B)(ii), or Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Byrd v. Shannon*, 715 F.3d 117, 126 (3d Cir. 2013). "A strike-call under Section 1915(g) . . . hinges exclusively on the basis for the dismissal, regardless of the decision's prejudicial effect." *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1724-25 (2020), *abrogating Millhouse v. Heath*, 866 F.3d 152, 161 (3d Cir. 2017).

## III.  "THREE-STRIKE" ANALYSIS

### A.  Clark Has Accumulated Three Strikes.

The Court concludes that Clark has accumulated at least three strikes for purposes of § 1915(g). In *Kingston v. Lourenco*, No. 19-62 (S.D.N.Y.), Clark filed a complaint using one of his aliases, Roalston Stevenson Kingston. That complaint was dismissed by Order dated January 8, 2019, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) because it was frivolous. *See* Order, No. 19-62 (S.D.N.Y. Jan. 8, 2019), ECF No. 3. The dismissal of this case in its entirety on enumerated statutory grounds constitutes a strike under § 1915(g). *See also Byrd v. Shannon*, 715 F.3d 117, 124 (3d Cir. 2013) ("[S]trikes may be accrued in actions or appeals regardless of whether the prisoner has prepaid the filing fee or is proceeding IFP").

In *Clark v. Kauffman*, No. 18-688 (M.D. Pa.), Clark filed a complaint pursuant to 42 U.S.C. § 1983 against Superintendent Kevin Kauffman, identifying himself as a debtor, secured party creditor, and as Roalston Kingston. *See Clark v. Kauffman*, No. 18-688, 2019 WL 183863, at *1 (M.D. Pa. Jan. 14, 2019). Clark referenced private contracts and UCC Financing Statements, alleging that a new contract was created in 2004 that rendered the contract for his incarceration unenforceable. *Id.* Because Clark challenged the duration of his confinement and sought release, the Court concluded that such relief was not available pursuant to § 1983. *Id.* at *3. Moreover, to the extent that Clark sought damages, the Court determined that because a favorable outcome on the damages claim would necessarily imply the invalidity of his criminal conviction, any damages claims were barred in accordance with *Heck v. Humphrey*, 512 U.S. 477 (1994) (explaining that "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has

been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus"). *Id.* at \*2-\*3. His complaint was dismissed on January 14, 2019 for failure to state any claims under § 1983 for which relief may be granted. *Id.* at \*3. The dismissal of this case in its entirety constitutes a strike under § 1915(g). *See Garrett v. Murphy*, 17 F.4th 419, 427 (3d Cir. 2021) ("We now join the Fifth, Tenth, and D.C. Circuits in holding that the dismissal of an action for failure to meet *Heck's* favorable-termination requirement counts as a PLRA strike for failure to state a claim. We do so for a simple reason: Any other rule is incompatible with *Heck*.").

In *Kingston v. Clark*, No. 20-370 (M.D. Pa.), Clark filed a § 1983 under his Kingston alias. *See Kingston v. Clark*, No. 20-370, 2020 WL 1891841, at \*1 (M.D. Pa. Apr. 16, 2020). In so doing, he identified himself as a debtor, chattel, vessel, secured party creditor, and as Fidel Clark™. *Id.* He claimed that his incarceration was a type of contract that he did not sign and that the defendants engaged in "fraudulent foreclosure proceedings against his private property/chattel/vessel: Fidel Clark™." *Id.* at \*2. Because he challenged the duration of his confinement and sought release, the Court concluded that such relief was not available under § 1983. *Id.* at \*3. The Court further determined that any claims for damages were barred pursuant to *Heck*. *Id.* His complaint was dismissed on April 16, 2020 for failure to state a claim and without leave to amend. *Id.* The dismissal of this case in its entirety constitutes a strike for purposes of § 1915(g).

### B. Clark Does Not Allege Imminent Danger.

Because Clark has accumulated three strikes, he is "out" and can no longer proceed *in forma pauperis* in any federal court unless he can show that he is in imminent danger of serious

physical injury at the time he brought his Complaint. The "imminent danger" exception to the three-strikes rule serves as a "safety valve" to ensure that a prisoner is not subject to serious injury due to his inability to pay a filing fee. *Ball*, 726 F.3d at 467. It "creates a narrow opening for a particular type of claim; it does not give prisoners . . . a license to swamp the court with claims whenever they successfully state a claim of imminent danger." *Brown v. Lyons*, 977 F. Supp. 2d 475, 481-82 (E.D. Pa. 2013) (citing *Pettus v. Morgenthau*, 554 F.3d 293, 297 (2d Cir. 2009)). "Imminent dangers are those dangers which are about to occur at any moment or are impending." *Abdul-Akbar*, 239 F.3d at 315 (internal quotation marks omitted). Past dangers are not imminent dangers. *See Ball*, 726 F.3d at 467. Vague, general, or conclusory allegations are likewise insufficient to establish that a plaintiff is in imminent danger. *Id.* Finally, "there must be a nexus between the imminent danger a three-strikes prisoner alleges to obtain IFP status and the legal claims asserted in his complaint." *Pettus*, 554 F.3d at 297; *see also Ball v. Hummel*, 577 F. App'x 96, 98 n.1 (3d Cir. 2014) (*per curiam*). In other words, the claimed imminent danger must relate to the legal claims the prisoner pursues. *Id.*; *see also Brown v. U.S. Dist. Ct., E. Dist.*, No. 13-7229, 2014 WL 1225878, at *1 (E.D. Pa. Mar. 25, 2014) ("In short, § 1915(g) requires two things: the allegation of imminent danger and a claim for relief that if granted will preclude the danger from becoming a reality.").

The Court finds that Clark's allegations do not meet the imminent danger standard of Section 1915(g). Clark does not explicitly assert that he is in imminent danger, nor do his allegations that his "personal property [in the form of himself] is wrongfully detained" rise to such a level. (*See* ECF No. 1 at 5, ECF No. 9 at 2.) Because there is no suggestion in any of his claims concerning imminent danger of serious physical injury at the time he brought this case, the Court finds that the imminent danger exception does not apply.

## IV. CONCLUSION

Because Clark is a "three-striker" who is prohibited from proceeding *in forma pauperis* unless he is in imminent danger of serious physical injury at the time of filing, and since he was not in imminent danger when he submitted this Complaint, the Court will deny Clark's motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g). Should Clark desire to litigate his claims, he must pay the full filing fee in advance. An appropriate Order follows, which gives Clark an opportunity to pay the fees in the event he seeks to proceed with this case.[2] If Clark intended to challenge the constitutionality of a state conviction or sentence and seek release from state custody, he must file a petition for a writ of *habeas corpus* using the Court's form (which would be docketed as a new case) and withdraw this case.[3]

BY THE COURT:

_____
KAI N. SCOTT, J.

---

[2] If Clark pays the filing fee, since he is a prisoner, the case is still subject to statutory screening pursuant to 28 U.S.C. § 1915A.

[3] To the extent Clark challenges a state conviction and seeks release from custody, his claims must be pursued in a *habeas* petition under 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.").